IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Huntington Division

**ELIZABETH MARTIN**, individually and on
behalf of all others similarly situated,

    PLAINTIFF,

v.                                                  CIVIL ACTION NO. 3:18-cv-00468

**DREW ECKL FARNHAM, LLP** and
**ETC FUND,**

    DEFENDANTS.

## CLASS ACTION COMPLAINT

1. The Plaintiff, Elizabeth Martin, is a resident of Cabell County, West Virginia.

2. Defendant Drew Eckl Farnham, LLP is a debt collector and law firm doing business at 235 Peachtree St. NE Suite 1900, Atlanta, Georgia, 30303.

3. Upon information and belief, the Defendant, ETC Fund, is a debt collector which has asserted that Plaintiff owes it funds.

### JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. §1331, § 1332, 15 U.S.C. §1692, *et seq.*, and 28 U.S.C. §2201.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(b)(2).

### THE PARTIES

6. The Plaintiff, Elizabeth Martin, is a resident of Cabell County, West Virginia, who brings this action in her own right and as a representative of a class of West Virginia consumers more particularly defined herein.

7. Plaintiff is a "consumer" as defined by the *Fair Debt Collection Practices Act* (FDCPA), 15 U.S.C. §1692a(3).

8. ETC Fund is a "debt collector," as defined under the FDCPA by 15 U.S.C. §1692a(6), in that, upon information and belief, ETC Fund regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9. Drew Eckl Farnham, LLP is a "debt collector," as defined under the FDCPA by 15 U.S.C. §1692a(6), in that, upon information and belief, Drew Eckl Farnham, LLP regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## OPERATIVE FACTS

10. Drew Eckl Farnham, LLP mailed a collection letter to Plaintiff dated March 23, 2017, on behalf of ETC Fund, to collect a debt when the debt was beyond the statute of limitations for filing a legal action for collection in West Virginia.

11. The March 23, 2017 letter mailed by Drew Eckl Farnham, LLP to Plaintiff was the initial written communication by Drew Eckl Farnham, LLP to Plaintiff.

12. The subject collection letter sent by Drew Eckl Farnham, LLP on behalf of ETC Fund to Plaintiff did not include any disclosures regarding the age of Plaintiff's debt.

13. The correct and complete disclosure required by West Virginia law (*West Virginia Code* §46A-2-128(f)) in an initial written communication was either: "The law limits how long you can be sued on a debt. Because of the age of your debt, Drew Eckl Farnham/ETC Fund cannot sue you for it. If you do not pay the debt, Drew Eckl Farnham/ETC Fund may report or continue to report it to the credit reporting agencies as unpaid..." Or, "The law limits how long you can be sued on a debt. Because of the age of your debt, Drew Eckl Farnham/ETC Fund cannot sue you for it and Drew Eckl Farnham/ETC Fund cannot report it to any credit reporting agencies."

14. Drew Eckl Farnham, LLP omitted the applicable mandatory disclosure set forth in the previous paragraph and thus misrepresented the law applicable to the collection of time-barred debt.

15. The purported "LEGAL DISCLOSURES" "FOR WEST VIRGINIA RESIDENTS" were incomplete and as such deceptive and false as the disclosure was required to notify the Plaintiff and the class of persons she represents whether the alleged debt was reportable to any credit reporting agency.

16. Upon information and belief, Drew Eckl Farnham, LLP sent the same or similar letters to West Virginia consumers on or after March 23, 2014, seeking to collect debt when the debt was beyond the statute of limitations for filing a legal action for collection.

17. In addition, the March 23, 2017 letter Drew Eckl Farnham, LLP sent to Plaintiff "seeking to collect funds due and owing ETC" sought to collect amounts not owed because Ms. Martin had made payments in full in 2012.

## CLASS ALLEGATIONS

18. Plaintiff brings this action individually and on behalf of all others similarly situated.

19. The class of consumers represented by Plaintiff in this action is defined as:

> All persons with a West Virginia address who were sent collection letters where the alleged debt sought to be collected was beyond the applicable statute of limitations for filing a legal action for collection

20. Defendants have corporate policies and procedures regarding the collection of debts allegedly owed by West Virginia consumers such as Plaintiff. Defendants carry out their policies and procedures through the use of standardized collection activities, including the use of standardized letters.

21. The class can be readily identified by collection activity logs, claim records and computer storage devices or databases, maintained by Defendants and/or their employees, representatives or agents.

22. The class is so numerous that joinder of all class members is impracticable. The precise number of class members and their addresses are unknown to Plaintiff; however, they are readily available from Defendants' records. Class members may be notified of the pendency of this action by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

23. This action involves questions of law and fact common to the class which predominate over questions affecting individual class members.

24. Plaintiff's claims are typical of the claims of the class because, among other things, Plaintiff, like the other members of the class, was subjected to a claim by Defendants to pay an alleged debt when the alleged debt was beyond the statute of limitations and received the same or nearly identical letters as all other class members.

25. Plaintiff has displayed an interest in vindicating the rights of the class members, will fairly and adequately protect and represent the interest of the class, and is represented by skillful and knowledgeable counsel. Plaintiff's interests do not conflict with those of the class and the relief sought by Plaintiff will inure to the benefit of the class generally.

26. The questions of law and fact that are common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy between the class members and Defendants.

27. The actions of Drew Eckl Farnham, LLP and ETC Fund are generally applicable to the class as a whole and to Plaintiff. For example, the class members can prove the elements of their claims against Defendants for violations of the FDCPA on a class-wide basis using the same evidence that Plaintiff and individual class members would use to prove those claims in individual civil actions.

28. Additionally, the damages or other financial detriment suffered by individual class members is relatively small compared to the burden and expense that would be required to individually litigate each of the class member's claims against Defendants and it would be impracticable for the class members to individually seek redress for the Defendants' wrongful conduct.

29. Even if the members of the class could afford individual litigation, given the expected size of the class, separate litigation of each class member's claims against Defendants would create the potential for inconsistent and/or contradictory judgments, and cause delay and increase the expenses for the parties and the court in adjudicating the claims against Defendants. Conversely, a class action will prevent far fewer management difficulties, provide the benefits of a single adjudication, conserve time, effort and expense, employ comprehensive and cohesive supervision by a single court, and provide a forum for small claimants.

30. The prosecution of separate actions by the individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendants. Moreover, the likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

31. Defendants have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the members of the class as a whole.

32. Any difficulties in management of this case as a class action are outweighed by the benefits that a class action has to offer with respect to disposing of common issues of law and fact on issues affecting a large number of litigants.

33. The damages in this case are set by statute and generally preclude the necessity of a case-by-case assessment of damages by the court. To the extent case-by-case assessment is necessary, Defendants maintain computerized individual account information, and that information can easily be reviewed and assessed electronically. Plaintiff is unaware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership as described above.

34. Plaintiff's claims are typical of those of the class as a whole, and Plaintiff is capable of and willing to represent the other members of the class.

## COUNT I

### VIOLATIONS OF THE *FAIR DEBT COLLECTION PRACTICES ACT* (FDCPA)

### INDIVIDUAL AND CLASS CLAIM AGAINST ETC FUND

35. Chapter 15 U.S.C. §1692e prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt.

36. ETC Fund violated Chapter 15 U.S.C. §1692e, which prohibits using a false, deceptive or misleading representation or means in connection with the collection of the debt, by omitting a portion of the mandatory time-barred debt disclosure.

37. ETC Fund violated Chapter 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt by failing to disclose, pursuant to the "unsophisticated consumer" standard, the fact that any payment, even a partial payment, would renew the statute limitations and deprive Plaintiff of an absolute defense to any legal action to collect her claim.

38. ETC Fund violated Chapter 15 U.S.C. §1692e(10) by utilizing a false representation or deceptive means to collect or attempt to collect the debt from Plaintiff, by failing to disclose, pursuant to the "unsophisticated consumer" standard, the fact that any payment, even a partial payment, would renew the statute of limitations and deprive Plaintiff of an absolute defense to any legal action to collect her claim.

39. ETC Fund violated Chapter 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount or legal status of Plaintiff's debt by omitting a portion of the mandatory time-barred debt disclosure.

40. ETC Fund violated Chapter 15 §1692e(10), which prohibits the use of a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff, by omitting a portion of the mandatory time-barred debt disclosures.

41. ETC Fund violated Chapter 15 §1692e(2)(A), which prohibits the false representation of the character, amount, or legal status of any debt, by attempting to collect amounts not due.

42. ETC Fund is liable to Plaintiff and the class of persons she represents for judgment that the conduct of ETC Fund violated Section 1692e *et seq.*, of the FDCPA, as well as actual damages, statutory damages, costs and attorney fees.

43. Defendant ETC Fund is vicariously liable for the FDCPA violations of Drew Eckl Farnham.

## COUNT II

## VIOLATIONS OF THE *FAIR DEBT COLLECTION PRACTICES ACT* (FDCPA)

## INDIVIDUAL CLAIM AGAINST DREW ECKL FARNHAM, LLP

44. Chapter 15 U.S.C. §1692e prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt.

45. Drew Eckl Farnham, LLP violated Chapter 15 U.S.C. §1692e, which prohibits using a false, deceptive or misleading representation or means in connection with the collection of the debt, by omitting a portion of the mandatory time-barred debt disclosure.

46. Drew Eckl Farnham, LLP violated Chapter 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt by failing to disclose, pursuant to the "unsophisticated consumer" standard, the fact that any payment, even a partial payment, would renew the statute limitations and deprive Plaintiff of an absolute defense to any legal action to collect her claim.

47. Drew Eckl Farnham, LLP violated Chapter 15 U.S.C. §1692e(10) by utilizing a false representation or deceptive means to collect or attempt to collect the debt from Plaintiff, debt by failing to disclose, pursuant to the "unsophisticated consumer" standard, the fact that any payment, even a partial payment, would renew the statute of limitations and deprive Plaintiff of an absolute defense to any legal action to collect her claim.

48. Drew Eckl Farnham, LLP violated Chapter 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount or legal status of Plaintiff's debt by omitting a portion of the mandatory time-barred debt disclosure.

49.	Drew Eckl Farnham, LLP violated Chapter 15 §1692e(10), which prohibits the use of a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff, by omitting a portion of the mandatory time-barred debt disclosures.

50.	ETC Fund violated Chapter 15 §1692e(2)(A), which prohibits the false representation of the character, amount, or legal status of any debt, by attempting to collect amounts not due.

51.	Drew Eckl Farnham, LLP is liable to Plaintiff for judgment that the conduct of Drew Eckl Farnham, LLP violated Section 1692e *et seq.*, of the FDCPA, as well as actual damages, statutory damages, costs and attorney fees.

### DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff and each member of the class she represents demand from the Defendants the following relief:

A.	That actual damages and the statutory penalty pursuant to 15 U.S.C. §1692k(a)(2)(A) be awarded to Plaintiff and each member of the class she represents for violation of the FDCPA;

B.	That Defendants be ordered to account for all time-barred debt collected from the class and reimburse each such member of the class all monies collected with interest thereon for the one-year period preceding the filing of this action;

C.	That Defendants be ordered to pay reasonable attorney fees and costs pursuant to the provisions of 15 U.S.C. §1692k(a)(3); and,

D.	For such other and further relief as the Court may deem appropriate.

**Jury trial demanded.**

                                    **ELIZABETH MARTIN, on behalf of herself and all others similarly situated**

                                    BY COUNSEL

*/s/ Jonathan R. Marshall*

Jonathan R. Marshall (WVSB #10580)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
(304) 342-1110 facsimile
jmarshall@baileyglasser.com

Patricia M. Kipnis (WVSB #12896)
Bailey & Glasser LLP
923 Haddonfield Road
Suite 300
Cherry Hill, New Jersey 08002
(856) 324-8219
pkipnis@baileyglasser.com

Benjamin Sheridan (WV Bar #11296)
Klein & Sheridan, LC
3566 Teays Valley Rd
Hurricane, WV 25526
T: (304) 562-7111
F: (304) 562-7115
bsheridan@kswvlaw.com